IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SOCORRO CISNEROS DESORIA                                              PLAINTIFF

vs.                                    Civil No. 4:15-cv-04056

CAROLYN W. COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Socorro Cisneros Desoria ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.   Background:**

Plaintiff protectively filed her current disability application on January 23, 2012. (Tr. 16, 181-189). In this application, Plaintiff alleges being disabled due to diabetes, side effects from exposure to dry ice, high blood pressure, and panic attacks. (Tr. 199). This application was denied initially and again upon reconsideration. (Tr. 60-61).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

hearing request was granted. (Tr. 72-77, 141-145). This hearing was held on February 25, 2014 in Texarkana, Arkansas. (Tr. 38-53). At this hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Suzanne Skinner testified at this hearing. *Id.* During this hearing, Plaintiff testified she was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 416.963(e) (2008). (Tr. 42-43). As for her education level, Plaintiff testified the highest grade of school she had completed was at the elementary level. (Tr. 43). She also testified she was a legal resident of the United States, and she was unable to read, write, and speak in English.[2] *Id.*

On March 20, 2014, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 16-30). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 23, 2012, her application date. (Tr. 18, Finding 1). The ALJ found Plaintiff had the following severe impairments: gastroesophageal reflux disease; diabetes mellitus; vertigo; hypertension; arthritis; neuropathy; and obesity. (Tr. 18-20, Finding 2). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-28, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in

---

[2] Because of this issue, an interpreter was utilized at the hearing in this matter.

>20 CFR 416.967(c), meaning the claimant can occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand and/or walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday, except that the claimant can never climb ladders, ropes, or scaffolds, and she must avoid exposure to hazardous, moving machinery and unprotected heights.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28-30, Finding 5). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity of performing her PRW as a hand packager and poultry eviscerater. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined she had not been under a disability, as defined by the Act, from January 23, 2012 (application date) through March 20, 2014 (ALJ's decision date). (Tr. 30, Finding 6).

Thereafter, on April 10, 2014, Plaintiff requested the review of the Appeals Council. (Tr. 37). On May 23, 2015, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed her Complaint in this case on June 23, 2015. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff raises the following arguments for reversal: (A) the ALJ erred in assessing her RFC; (B) the ALJ erred in failing to develop her work history to determine if she met the "worn out worker rule"; (C) the ALJ erred in failing to find she met Grid Rule 201.01; and (D) the ALJ erred in presenting his hypothetical to the VE and failing to including the findings of Drs. Nunn and Walker. *Id. T*he Court will address each of the arguments Plaintiff has raised.

**A.     RFC Assessment**

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 10 at 3-11. In making this argument, Plaintiff claims the ALJ erred in assessing her "limited education (6th grade); advanced age (56); lack of transferrable skills; severe impairment as a whole; and language barrier" when he assessed her RFC. *Id.* However, the issue of "age, education, and work experience" are not *even considered* as a part of an RFC evaluation; instead, they are *only considered* at the Step Five of the Evaluation if that step is even reached. *See* 20 C.F.R. § 416.920(a)(4)(v) (2012). In the present action, since the ALJ did not reach Step Five, he was not required to consider these factors.

Under this heading, Plaintiff also raises the issue of whether the ALJ properly considered the findings of Drs. Walker and Nunn. ECF No. 10 at 3-11. Dr. Randy Walker, M.D. treated Plaintiff

5

from at least 2008 until 2013. (Tr. 328-465, 484-490, 516-619). On January 23, 2012, while he was treating Plaintiff, Dr. Walker found Plaintiff was "not likely going to be able to return to any type of physical labor." (Tr. 537). Thereafter, on March 18, 2013, Dr. Walker also found Plaintiff was limited to performing a restricted range of light work and would be unable to perform a "full time competitive job that requires . . . activity on a sustained basis." (Tr. 520).

In his opinion, the ALJ fully considered Dr. Walker's opinions. (Tr. 28). Then, after a thorough review of his opinions, the ALJ discounted Dr. Walker's findings for the following reasons:

> The undersigned gives little weight to the assessment of Dr. Walker despite his standing as a treating source. Dr. Walker's assessment is inconsistent with his own treating source records, and more importantly, the opinion conflicts with itself. Despite making a conclusory statement that the claimant cannot do a full-time competitive job that requires activity on a sustained basis, in the same opinion, Dr. Walker states that the claimant has no standing, walking, or sitting limitations. Further, given that the claimant purportedly has no such limitation, it does not follow that the claimant would need unscheduled breaks during an 8-hour day due to her diabetes. Dr. Walker's assessment is also largely consistent with his treating source records. Given that the claimant has retained full motor strength in the majority of her treating source records, including her most recent records, he has limited the claimant to the light exertional level. His objective findings simply do not support lifting/carrying restrictions to this extent. Additionally, the claimant has only had a single instance of right shoulder problems using her hands at all. Similarly, given her intact motor strength and lack of any significant lower extremity joint function, there is no basis for the postural limitations beyond limiting her climbing ladders due to her vertigo. Dr. Walker's assessment seems to be largely based on the claimant's subjective allegations rather than any objective or diagnostic basis. It should finally be noted that Dr. Walker does not relate these purported limitations to the claimant's alleged onset date; rather, he states that these limitations had only been present since March 12, 2013. For all of these reasons, the undersigned gives Dr. Walker's assessment little weight.

(Tr. 28).

In her appeal brief, Plaintiff generally criticizes the ALJ's findings regarding the weight he gave to Dr. Walker's opinions, but Plaintiff offers no specific basis for reversal on this issue. Upon

6

review of this evaluation and Dr. Walker's medical records, the Court finds no basis for reversal on this issue. Indeed, the ALJ gave "good reasons" for discounting Dr. Walker's findings; as such, the ALJ's determination is entitled to deference. *See Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000) (affirming the ALJ's decision to discount a treating physician's opinions and recognizing "[w]hether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation").

Plaintiff also claims the ALJ erred in evaluating the findings of Dr. Gary P. Nunn, Sr., M.D., a consulting physician. ECF No. 10 at 9-11. Notably, Plaintiff references Dr. Nunn's findings that Plaintiff can only sit for 3 hours without interruption, stand for 1 hour without interruption, and walk for 1 hour without interruption; and can only sit for a total of 8 hours in an 8-hour day, stand for a total of 3 hours in an 8-hour day, and walk for a total of 3 hours in a 8-hour day. *Id.* Plaintiff claims the ALJ erred by failing to adopt these findings. *Id.*

Upon review of Dr. Nunn's findings, however, the vast majority of them support the ALJ's determination. Notably, Dr. Nunn found Plaintiff could occasionally lift and carry up to 50 pounds and frequently lift and carry up to 20 pounds. (Tr. 706-712). The ALJ specifically adopted these findings. (Tr. 27-28). As for the findings the ALJ did not adopt, he was not required to adopt *all of* Dr. Nunn's findings. Dr. Nunn was only a one-time consulting physician, and his opinions are not entitled to controlling weight. *See Kirby v. Astrue,* 500 F.3d 705, 709 (8th Cir. 2007) (recognizing the opinion of a consulting physician is not entitled to special deference, especially when it is based largely on the claimant's subjective complaints).

**B.    Record Development**

Plaintiff claims the ALJ failed to develop the record and her work history to see if she "met

7

the worn out worker rule." ECF No. 10 at 11-13. Plaintiff argues this rule requires a person with 35 years of "arduous unskilled physical labor" to be found disabled if that person has a no more than a marginal education and has certain other limitations. *Id.* Plaintiff argues she might have met this standard, and the ALJ should have further developed the record on this issue. *Id.*

Upon review of Plaintiff's argument on this issue and the briefing in this matter, the Court agrees that no remand is required. According to well-settled law, reversal due to an ALJ's failure to develop the record is only warranted where such failure is unfair or prejudicial. *See Haley v. Massanari,* 258 F.3d 742, 748 (8th Cir. 2001). A claimant must show that the ALJ's fuller development of the record would have made a difference in his or her case or could have changed the outcome of his or her case. *See Onstead v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993).

In the present action, even assuming the ALJ did not fully and fairly develop the record, Plaintiff still offers no showing of prejudice beyond vaguely claiming that the record was incomplete or insufficient. *See* ECF No. 10 at 11-13. Thus, because there has been no showing of unfairness or prejudice, no remand is required. *See Onstead,* 999 F.2d at 1234 ("absent unfairness or prejudice, we will not remand").

As a final note on this issue, if Plaintiff believed any additional information was necessary in this case, she certainly could have secured it and submitted to the ALJ. This is especially true since Plaintiff is originally from Mexico, and those records were not readily available to the ALJ. The fact this information was not presented to the ALJ indicates it was not significant to the disability determination. *See Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995) ("Although the ALJ has a duty to develop the record despite the claimant's representation by counsel, the fact that Shannon's [claimant's] counsel did not obtain (or, so far as we know, try to obtain) the items

Shannon now complains of suggests that these alleged treatments have only minor importance").

### C. Grid Rules

Plaintiff claims the ALJ erred by "failing to find" she meets Grid Rule 201.01. ECF No. 10 at 13-16. Upon review, however, the Grids only apply at Step Five of the Evaluation (if that step is reached). In the present action, the ALJ determined Plaintiff retained the capacity to perform her PRW. (Tr. 28-30, Finding 5). This determination was made at Step Four of the Evaluation, and the ALJ did not even reach Step Five. Thus, the ALJ did not err by failing to consider Step Five and the Grids because he did not even reach Step Five.

### D. Hypothetical to the VE

Plaintiff claims the ALJ's hypothetical to the VE was deficient. ECF No. 10 at 16-19. Specifically, Plaintiff claims the ALJ erred by failing to include the limitations from Drs. Walker and Nunn in his hypothetical. *Id.* As noted above, however, the ALJ properly assessed the findings of Drs. Walker and Nunn. Thus, the Court finds the ALJ was not required to include all of the limitations from these doctors in his hypothetical to the VE.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of April 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE